IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas M. Fair, Jr., ) | Civil Action No. 6:13-cv-2940-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| Brian P. Stirling, Dr. John B. ) | |
| Tomarchio, and Dr. Randolph, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment (Dkt. No. 28), As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 43) in whole and GRANTS Defendants' motion.

Plaintiff is a state prisoner who brought suit pursuant to 42 U.S.C. § 1983, alleging that the defendants, officials and medical care providers at the Lee Correctional Institution were deliberately indifferent to his serious medical needs in failing to provide him with effective eyeglasses. Between March 2013 and October 15, 2013, he was examined by Defendant Randolph three times and received three different sets of eyeglasses. He argues that because he still suffers from headaches and teary eyes, that his Eighth Amendment right to a basic level of medical treatment has been violated.

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is

no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

However, to the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to

2

a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)).

The Court agrees with the Magistrate Judge that, taking the facts alleged in the light most favorable to Plaintiff, no genuine issue of material fact exists that could support a finding that Palintiff's rights have been violated. He has been provided with eyecare treatment on three different occasions, and has received exams and new eyeglass prescriptions. No evidence of "deliberate indifference" (*Estelle v. Gamble*, 429 U.S. 97, 102 (1976)) is in the record. The Court therefore adopts the R&R in whole.

Plaintiff submitted five objections on November 17, 2014. (Dkt. No. 45). The first, which disputes which individual he had an eyecare appointment with, does not raise an issue of fact that would be material to his Eighth Amendment claim. The second asserts that Dr. Randolph acted wrongly in prescribing him the third pair of glasses, despite his suspicions at that point that Plaintiff was malingering. The Court is unconvinced that Dr. Randolph's attempts to accommodate Plaintiff's needs even after he suspected that they were invented should be or can be held against him. The third objection argues that the individual defendants are not entitled to qualified immunity because the officials lost immunity upon violating a clearly established constitutional right (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For the reasons stated in the R&R, no clearly established constitutional right has been violated by Plaintiff's medical care. Objection Four argues that Eleventh Amendment immunity is not available to the extent the defendants are being sued in their individual capacities; this distinction is unnecessary because it is made in the R&R. (R&R at 9). Finally, the fifth objection merely restates the elements necessary to find a supervisor liable for another employee's actions under the doctrine of *respondeat superior*. Again, this issue is adequately addressed by the R&R; because there is no

constitutional right that has been violated, there is no question that the *respondeat superior* is not applicable. (R&R at 9).

Therefore, the Court ADOPTS the R&R, GRANTS Defendants' motion (Dkt. No. 28), and DISMISSES the case.

**IT IS SO ORDERED**.

_____
Richard M. Gergel
United States District Judge

December 10, 2014
Charleston, South Carolina

4